IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

RICHARD LEE DUMAS,
        Petitioner,

                               Case No.  3:04cv15/MCR/EMT

JAMES CROSBY, JR.,
        Respondent.

_____

**REPORT AND RECOMMENDATION**

        This cause is before the court on Petitioner's petition for writ of habeas corpus filed under 28 U.S.C. § 2254 (Doc. 1).  Respondent filed an answer (Doc. 16), and Petitioner filed a reply (Doc. 22).

I.       BACKGROUND AND PROCEDURAL HISTORY

        On May 17, 2000, following a jury trial, Petitioner was convicted in the Circuit Court in and for Escambia County, Florida, of dealing in stolen property (Doc. 17, Ex. B at 294-95).  He was acquitted of three other charges including burglary, grand theft, and criminal mischief (*id*.).  On August 31, 2001, Petitioner was sentenced to ten years of incarceration (Doc. 17, Exs. C, D). Petitioner appealed his conviction and sentence to the Florida First District Court of Appeal ("First DCA") (Doc. 17, Exs. E, F, G).  On February 25, 2003, the appellate court  affirmed the conviction per curiam without opinion, with the mandate issuing March 25, 2003 (Doc. 17, Ex. H).

        On May 28, 2003, Petitioner filed a motion for postconviction relief in the trial court, pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure asserting the following grounds for relief:

        1.       Trial counsel was ineffective due to being under the influence of a control [sic] substance during the course of the trial and the suspension by the Florida Bar for a substance abuse violation.

> 2.      Trial counsel was ineffective for failure to file a motion for new trial based
> on inconsistent verdicts.

(Doc. 17, Ex. I at 1-5).  The trial court summarily denied the motion on June 11, 2003 (*id*. at 6-25).

Petitioner filed a motion for rehearing (*id.* at 26-37).  The trial court denied the motion on the ground

that Petitioner failed to assert points of law or fact that the court overlooked or misapprehended, as

required by Rule 9.330(a) of the Florida Rules of Appellate Procedure; instead, Petitioner alleged

new facts that were not submitted in his 3.850 motion (*id.* at 38-60).  Petitioner appealed the order

denying his postconviction motion to the First DCA.  The First DCA affirmed the decision per

curiam without opinion on October 20, 2003, with the mandate issuing November 17, 2003 (Doc.

17, Ex. K).  Dumas v. State, 858 So.2d 1055 (Fla. 1st DCA Oct. 20, 2003) (Table).

Petitioner initiated the instant section 2254 action on January 13, 2004 (Doc. 1).  His petition

presents the following grounds for relief:

> Ground one:  Trial counsel was on judicial probation for a criminal offense and
> probation from the Florida Bar.

> Ground two:  Trial counsel was under the influence of a controlled substance/alcohol
> during Defendant's trial.

(Doc. 1 at 5 and continuation pages).

II.      STANDARD OF REVIEW

Section 2254(a) of Title 28 provides, "a district court shall entertain an application for a writ

of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on

the ground that he is in custody in violation of the Constitution or laws of the United States."  As

the instant petition was filed after April 24, 1996, it is subject to the more deferential standard for

federal habeas review of state court decisions under § 2254 as brought about by the Anti-Terrorism

and Effective Death Penalty Act of 1996 (AEDPA).  Pub.L. 104-132, § 104, 110 Stat. 1214,

1218-19.

Section 2254 now provides:

> (d)      An application for a writ of habeas corpus on behalf of a person in custody
> pursuant to the judgment of a State court shall not be granted with respect to
> any claim that was adjudicated on the merits in State court proceedings unless
> the adjudication of the claim–

> (1)     resulted in a decision that was contrary to, or involved an
>           unreasonable application of, clearly established Federal law, as
>           determined by the Supreme Court of the United States; or
> (2)     resulted in a decision that was based on an unreasonable
>           determination of the facts in light of the evidence presented in the
>           State court proceeding.

28 U.S.C. § 2254 (West Supp. 2001).

  The United States Supreme Court explained the framework of review under § 2254(d)(1) in

Williams v. Taylor, 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000).[1]  The appropriate test

in habeas cases was described by Justice O'Connor as follows:

> In sum, § 2254(d)(1) places a new constraint on the power of a federal habeas court
> to grant a state prisoner's application for a writ of habeas corpus with respect to
> claims adjudicated on the merits in state court.  Under § 2254(d)(1), the writ may
> issue only if one of the following two conditions is satisfied - the state court
> adjudication resulted in a decision that (1) "was contrary to . . . clearly established
> Federal law, as determined by the Supreme Court of the United States," or (2)
> "involved an unreasonable application of . . . clearly established Federal law, as
> determined by the Supreme Court of the United States."  Under the "contrary to"
> clause, a federal habeas court may grant the writ if the state court arrives at a
> conclusion opposite to that reached by this court on a question of law or if the state
> court decides a case differently than this Court has on a set of materially
> indistinguishable facts.  Under the "unreasonable application" clause, a federal
> habeas court may grant the writ if the state court identifies the correct governing
> legal principle from this Court's decisions but unreasonably applies that principle to
> the facts of the prisoner's case.

Id., 529 U.S. at 412-13; Ramdass v. Angelone, 530 U.S. 156, 120 S.Ct. 2113, 2119-20, 147 L.Ed.2d

125 (2000).

  In deciding whether a state court decision involved "an unreasonable determination of the

facts in light of the evidence presented in the state court proceeding" under § 2254(d)(2),

determinations of fact are "presumed to be correct," unless the presumption is rebutted by Petitioner

"by clear and convincing evidence." § 2254(e)(1); see  Miller-El v. Cockrell, 537 U.S. 322, 123

---

[1]Unless otherwise noted, references to Williams are to the majority holding, written by Justice Stevens for the
Court (joined by Justices O'Connor, Kennedy, Souter, Ginsburg, and Breyer) in parts I, III, and IV of the opinion (529
U.S. at 367-375, 390-399, 120 S.Ct. at 1499-1503, 1511-1516); and Justice O'Connor for the Court (joined by Justices
Rehnquist, Kennedy, Thomas, and —except as to the footnote – Scalia) in part II (529 U.S. at 403-413, 120 S.Ct. at 1518-
1523).  The opinion of Justice Stevens in Part II was joined by Souter, Ginsburg, and Breyer.

S.Ct. 1029, 1041, 154 L.Ed.2d 931 (2003); <u>Fugate v. Head</u>, 261 F.3d 1206, 1215 (11th Cir. 2001),
*cert. denied*, 535 U.S. 1104, 122 S.Ct. 2310, 152 L.Ed.2d 1065 (2002) (quoting 28 U.S.C. §
2254(e)(1)); <u>Parker v. Head</u>, 244 F.3d 831, 835-36 (11th Cir. 2001) (citing § 2254(d)(2) and (e)(1));
*see also* <u>Crawford v. Head</u>, 311 F.3d 1288 (11th Cir. 2002) (explaining that the new statute provides
a "highly deferential standard of review" of the state court's factual determinations).  Although
<u>Williams</u> set forth the Supreme Court's interpretation of § 2254(d)(1), not § 2254(d)(2), the Court
subsequently enunciated the § 2254(d)(2) standard:

> Factual determinations by state courts are presumed correct absent clear and
> convincing evidence to the contrary, § 2254(e)(1), and a decision adjudicated on the
> merits in a state court and based on a factual determination will not be overturned on
> factual grounds unless objectively unreasonable in light of the evidence presented
> in the state-court proceeding, § 2254(d)(2); <u>see also</u> <u>Williams</u>, 529 U.S. at 399, 120
> S.Ct. 1495 (opinion of O'CONNOR, J.).

<u>Miller-El</u>, 537 U.S. 322, 123 S.Ct. at 1041 (dicta).

The Eleventh Circuit has developed a three-step process for applying the <u>Williams</u> test to any
issue raised in a federal habeas petition upon which there has been an adjudication on the merits in
a formal state court proceeding.  *See* <u>Wellington v. Moore</u>, 314 F.3d 1256, 1260-61 (11th Cir. 2002);
<u>Robinson v. Moore</u>, 300 F.3d 1320, 1343-45 (11th Cir. 2002).  First, the court must ascertain the
controlling legal principles that are clearly established by the Supreme Court at the time of the state
court adjudication.  <u>Wellington</u>, 314 F.3d at 1260; <u>Robinson</u>, 300 F.3d at 1343.  Second, the court
must determine whether the state court adjudication was contrary to the clearly established Supreme
Court law.  <u>Wellington</u>, 314 F.3d at 1260, <u>Robinson</u>, 300 F.3d at 1344.  "The 'contrary to' clause
in § 2254(d)(1) 'suggests that the state court's decision must be substantially different' from the
relevant Supreme Court precedent."  <u>Wellington</u>, 314 F.3d at 1260 (quoting <u>Fugate</u>, 261 F.3d at
1216 (quoting <u>Williams</u>, 529 U.S. at 405)).  "Although a state court's decision that 'applies a rule
that contradicts' the governing Supreme Court law is 'contrary,' a state court decision that applies
'the correct legal rule' based on Supreme Court law to the facts of the petitioner's case would not
fit within the 'contrary to' clause even if the federal court might have reached a different result
relying on the same law."  <u>Wellington</u>, 314 F.3d at 1260 (citing and quoting <u>Williams</u>, 529 U.S. at
404-06).  If the state court applied the correct Supreme Court precedent, and the United States

Supreme Court, faced with materially indistinguishable facts, has not reached a decision different from the decision reached by the state court in the petitioner's case, the case does not fit within the "contrary to" clause, and the federal habeas court must proceed to the third step and determine whether the state court "unreasonably applied the relevant Supreme Court authority." Fugate, 261 F.3d at 1216.  Likewise, if the facts of the Supreme Court cases and the petitioner's case are not substantially similar, "a state court decision that applies 'the correct legal rule' based on Supreme Court law to the facts of the petitioner's case would not fit within the 'contrary to' clause even if the federal court might have reached a different result relying on the same law." Id. (citing and quoting Williams, 529 U.S. at 406).  A state court is not required to cite Supreme Court cases or even be aware of the cases, "so long as neither the reasoning nor the result of the state-court decision contradicts them."  Early v. Packer, 537 U.S. 3, 8, 123 S.Ct. 362, 154 L.Ed.2d 263 (2002).

The standard for an unreasonable application inquiry is "whether the state court's application of clearly established federal law was objectively unreasonable." Williams, 529 U.S. at 410.  The Supreme Court has explained that "a federal habeas court may not issue a writ under the unreasonable application clause 'simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.'" Bell v. Cone, 535 U.S. 685, 122 S.Ct. 1843, 1850, 152 L.Ed.2d 914 (2002) (quoting Williams, 529 U.S. at 411).  Indeed, "[t]he gloss of clear error fails to give proper deference to state courts by conflating error (even clear error) with unreasonableness." Lockyer v. Andrade, 538 U.S. 63, 123 S.Ct. 1166, 1175, 155 L.Ed.2d 144 (2003).  A state court's incorrect application of clearly established law will be held to be reasonable and not warrant a writ unless "thorough analysis by a federal court produces a firm conviction that that [the state court] judgment is infected by constitutional error." Williams, 529 U.S. at 389.  "[E]valuating whether a rule application was unreasonable requires considering the rule's specificity.  The more general the rule, the more leeway courts have in reaching outcomes in case by case determinations." Yarborough v. Alvarado, 541 U.S. 652, 124 S.Ct. 2140, 2149, 158 L.Ed.2d 938 (2004) (citation omitted).  Although § 2254(d)(1) is concerned only with federal law as clearly established by the Supreme Court, this Court may look to circuit precedent to demonstrate reasonable applications of Supreme Court precedent. Van Poyck v. Fla. Dep't of Corrections, 290 F.3d 1318, 1322 n. 4 (11th Cir. 2002).

III.     PROCEDURAL DEFAULT

An issue that was not properly presented to the state court and which can no longer be litigated under state procedural rules is considered procedurally defaulted, i.e., procedurally barred from federal review.  O'Sullivan v. Boerckel, 526 U.S. 838, 839-49, 119 S.Ct. 1728, 1734, 144 L.Ed.2d 1 (1999).  This Court will also consider a claim procedurally defaulted if it was presented in state court and rejected on the independent and adequate state ground of procedural bar or default. See Coleman v. Thompson, 501 U.S. 722, 734-35 and n.1, 111 S.Ct. 2546, 2555, 115 L.Ed.2d 640 (1991); Caniff v. Moore, 269 F.3d 1245, 1247 (11th Cir. 2001) ("[C]laims that have been held to be procedurally defaulted under state law cannot be addressed by federal courts."); Chambers v. Thompson, 150 F.3d 1324, 1326-27 (11th Cir. 1998) (applicable state procedural bar should be enforced by federal court even as to a claim which has never been presented to a state court); accord Tower v. Phillips, 7 F.3d 206, 210 (11th Cir. 1993); Parker v. Dugger, 876 F.2d 1470 (11th Cir. 1990), rev'd on other grounds, 498 U.S. 308, 111 S. Ct. 731, 112 L.Ed.2d 812 (1991).  However, a petitioner may obtain federal review of his claim if the state procedural rule is applied in an "arbitrary or unprecedented fashion," Judd v. Haley, 250 F.3d 1308,1313 (11th Cir. 2001), or in a manifestly unfair manner.  Ford v. Georgia, 498 U.S. 411, 424-25, 111 S.Ct. 850, 858, 112 L.Ed.2d 935 (1991); Upshaw v. Singletary, 70 F.3d 576, 579 (11th Cir. 1995).

To overcome a procedural default, the petitioner must show cause and prejudice or a fundamental miscarriage of justice in order for the federal habeas court to reach the merits of a claim.  Tower, 7 F.3d at 210; Parker, 876 F.2d 1470.  "For cause to exist, an external impediment, whether it be governmental interference or the reasonable unavailability of the factual basis for the claim, must have prevented petitioner from raising the claim."  McCleskey v. Zant, 499 U.S. 467, 497, 111 S. Ct. 1454, 1472, 113 L. Ed. 2d 517 (1991) (quoting Murray v. Carrier, 477 U.S. 478, 488, 106 S. Ct. 2639, 2645, 91 L.Ed.2d 397 (1986)).  Lack of counsel or ignorance of available procedures is not enough to establish cause.  Tower, 7 F.3d at 210.  To satisfy the miscarriage of justice exception, the petitioner must show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent."  Schlup v. Delo, 513 U.S. 298, 327, 115 S.Ct. 85, 130 L.Ed.2d 808 (1995).  "To establish the requisite probability, the petitioner must show that it is

more likely than not that no reasonable juror would have convicted him."  Schlup, 513 U.S. at 327.

Further:

> a substantial claim that constitutional error has caused the conviction of an innocent
> person is extremely rare.  To be credible, such a claim requires [a] petitioner to
> support his allegations of constitutional error with new reliable evidence -- whether
> it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical
> physical evidence -- that was not presented at trial.

*Id.*

Within this framework, this Court will review Petitioner's claims.

IV.    PETITIONER'S CLAIMS

Petitioner raises two grounds of ineffective assistance of counsel:

Ground one:  Trial counsel was on judicial probation for a criminal offense and
probation from the Florida Bar.

Ground two:  Trial counsel was under the influence of a controlled substance/alcohol
during Defendant's trial.

(Doc. 1 at 5 and continuation pages).

A.    Clearly Established Supreme Court Law

The legal standard clearly established by the Supreme Court for ineffectiveness of counsel
claims is set forth in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674
(1984); Fugate v. Head, 261 F.3d 1206, 1216-17 (11th Cir. 2001); Wellington v. Moore, 314 F.3d
1256, 1260 (11th Cir. 2002) (both citing Williams v. Taylor and Strickland).  The two components
of an ineffectiveness claim under Strickland are performance and prejudice, and if an insufficient
showing is made as to one, the court need not address the other.  Strickland, 466 U.S. at 697, 104
S.Ct. at 2069; Wellington, 314 F.3d at 1260.  In assessing performance, the court considers whether
"counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the
defendant by the Sixth Amendment."  466 U.S. at 686, 104 S.Ct. at 2064.  "The court must . . .
determine whether, in light of all the circumstances, the identified acts or omissions were outside
the wide range of professionally competent assistance."  466 U.S. at 690, 104 S.Ct. at 2066.
Petitioner must show that "no competent counsel would have taken the action that his counsel did
take." Fugate, 261 F.3d at 1217 (citation omitted).

As to the prejudice prong of the <u>Strickland</u> standard, Petitioner's burden of demonstrating prejudice is high.  <u>Wellington</u>, 314 F.3d at 1260.  The Supreme Court has cautioned that "'[i]t is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding.'"  <u>Id.</u> (quoting <u>Strickland</u>, 466 U.S. at 693, 104 S.Ct. at 2067).  However, the Court has also clarified that a petitioner need not demonstrate it 'more likely than not, or prove by a preponderance of evidence,' that counsel's errors affected the outcome.  <u>Strickland</u>, 466 U.S. at 693-94, 104 S.Ct. at 2068.  Instead,

> The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome.

<u>Id.</u> at 694, 104 S.Ct. at 2068.  Indeed, it would be "contrary to" the law clearly established in <u>Strickland</u> for a state court to reject an ineffectiveness claim for failing to prove prejudice by a preponderance of the evidence.  <u>Williams</u>, 529 U.S. at 405-406, 120 S.Ct. at 1519.

The prejudice assessment does "not depend on the idiosyncracies of the particular decisionmaker," as the court should presume that the judge or jury acted according to law. <u>Strickland</u>, 466 U.S. at 694-95, 104 S.Ct. at 2068.  "When a defendant challenges a conviction, the question is whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt."  <u>Id.</u> at 695, 104 S.Ct. at 2068-69.

    B.    <u>Federal Review of State Court Decision</u>

        1.    Ground one:  Trial counsel was on judicial probation for a
             criminal offense and probation from the Florida Bar.

Petitioner raises two subclaims of ineffective assistance of counsel within his first ground for relief:  (1) he received ineffective assistance of counsel because his counsel was on criminal probation at the time of his trial, and (2) he received ineffective assistance of counsel because his counsel was on probation imposed by The Florida Bar (Doc. 1 and continuation pages).

Respondent contends Petitioner procedurally defaulted his first subclaim in the state courts by raising it for the first time in the motion for rehearing of the denial of his Rule 3.850 motion. Respondent further argues Petitioner failed to allege justifiable cause for his failure to properly raise

his claim in the state court, nor can be establish prejudice, therefore, Petitioner's first subclaim is procedurally barred from federal review (Doc. 16 at 16-17).

Petitioner first raised his claim of counsel's being on criminal probation in his motion for rehearing of the state court's denial of Petitioner's Rule 3.850 motion (*see* Doc. 17, Ex. I at 26-30). The state court denied the motion for rehearing on the ground that Petitioner did not submit the "fact" that his counsel was on criminal probation in the original Rule 3.850 motion (*id.* at 38). Therefore, Petitioner was not entitled to relief pursuant to Rule 9.330(a) of the Florida Rules of Appellate Procedure (*id.*).

Rule 9.330(a) of the Florida Rules of Appellate Procedure provides, in relevant part:

> **Rehearing; Clarification; Certification**
> **(a) Time for Filing; Contents; Response.** . . . A motion for rehearing shall state with particularity the points of law or fact that in the opinion of the movant the court has overlooked or misapprehended in its decision, and shall not present issues not previously raised in the proceeding.

Petitioner failed to present clear and convincing evidence that he presented the issue of his trial counsel's being on criminal probation in his original Rule 3.850 motion; therefore, the state court's factual finding that he failed to do so is presumed correct. Furthermore, the state court's decision was based on a state law ground that is independent of federal law and adequate to support the judgment. Moreover, the state court fairly and correctly applied the procedural bar, therefore, a procedural default has resulted barring federal habeas review. *See* Coleman, 501 U.S. at 729, 111 S.Ct. at 2554; Wainwright, 433 U.S. at 80, 97 S.Ct. at 2503-07; Harmon, 894 F.2d 1268, 1270 (11th Cir. 1990) (citing Wainwright). Additionally, Petitioner has failed to show cause for and actual prejudice from his failure to present his additional claim in a proper manner in the Rule 3.850 proceeding, or that a fundamental miscarriage of justice will result from this Court's failure to address the claim. Therefore, Petitioner is not entitled to federal habeas review of his claim that he received ineffective assistance of counsel because his counsel was on criminal probation at the time of his trial.

As to Petitioner's second subclaim, that he received ineffective assistance of counsel because his counsel was on probation imposed by The Florida Bar, Petitioner has failed to establish an entitlement to federal habeas relief. Petitioner alleges the trial on his criminal charges occurred on

May 15 and 17, 2000, and his sentencing occurred more than one year later on August 31, 2001. He alleges that at the time of his trial, his counsel was suspended from the practice of law and placed on probation by The Florida Bar (Doc. 1 at 5, continuation pages 1-3). He further states his counsel failed to comply with the Rules Regulating the Florida Bar by failing to notify him of the suspension within thirty days of the order of suspension (*id.*, continuation page 2). Petitioner alleges the order of suspension was issued April 17, 2001, but his counsel notified him of the suspension on June 22, 2001 (*id.*).

Petitioner raised this claim in his Rule 3.850 motion, alleging that his counsel may not have been authorized to practice law during some of the proceedings in Petitioner's case and, if this were the case, Petitioner was entitled to a new trial (*see* Doc. 17, Ex. I at 2-3). The state court found as fact that Petitioner's trial counsel was licensed to practice law during Petitioner's trial and sentencing and was not suspended at the time of either of these proceedings (*id.*).[2] The state court also determined that Petitioner's claim that his counsel was ineffective was speculative and refuted by the fact that counsel achieved acquittals on three out of the four charges against Petitioner (*id.*).

The state court's factual findings that Petitioner's trial counsel was authorized to practice law during Petitioner's trial and sentencing and was not suspended at the time of either of these proceedings is presumed correct, as Petitioner has failed to rebut these facts with clear and convincing evidence. Additionally, Petitioner has failed to show that the state court decision was contrary to or an unreasonable application of Supreme Court law.

The state court identified the <u>Strickland</u> standard as the applicable legal authority (*see* Doc. 17, Ex. I at 7). In Petitioner's reply to Respondent's answer, Petitioner essentially argues <u>Strickland</u> is not applicable, and he is entitled to a presumption of ineffectiveness (*see* Doc. 22 at 2). In support of his argument, Petitioner relies upon <u>State v. Joubert</u>, 847 So.2d 1023 (Fla. 3d DCA 2003), in which a Florida state appellate court held that the disbarment of a defendant's attorney <u>at the time of the defendant's trial</u> constituted a per se violation of the Sixth Amendment. Petitioner's reliance

---

[2]Although the state court cited the wrong date of Petitioner's sentencing (the court stated August 31, 2002, instead of August 31, 2001), this error did not affect the state court's ultimate factual finding that Petitioner's counsel was not suspended at the time of Petitioner's trial or sentencing, and that counsel was licensed to practice law at those times.

upon Joubert is misplaced.  In Joubert, at the time of the defendant's trial, his attorney was not authorized to practice law in the court in which the trial took place.  Joubert, 847 So.2d at 1026. However, in the instant case, Petitioner has failed to show that his counsel was not authorized to practice law in the court in which the trial and sentencing took place at the time that they took place. Indeed, the record conclusively establishes that Petitioner's counsel was authorized to practice law at the time of both proceedings.  Therefore, Petitioner is not entitled to a presumption of ineffectiveness.  *See* United States v. Hoffman, 733 F.2d 596 (9ᵗʰ Cir.1984) (Strickland applies where attorney was not suspended by the court in which the claim was being made until after the defendant's sentencing); United States v. Mouzin, 785 F.2d 682, 696-698 (9ᵗʰ Cir.1986) (Strickland analysis applies where attorney was disbarred from the appellate court during the course of the trial but was not disbarred by the trial court until after the trial had ended).

Furthermore, Petitioner has failed to identify any acts of deficient performance by his counsel at either his trial or sentencing.  Moreover, he has failed to show that his counsel's suspension, which began four months after Petitioner's trial and ended eight months before Petitioner's sentencing, or his probation imposed by The Florida Bar, affected the outcome of his trial or sentencing (*see* Doc. 17, Ex. L).  Therefore, Petitioner has failed to establish that the state court decision denying his claim was contrary to or an unreasonable application of Supreme Court law.

        2.      Ground two:  Trial counsel was under the influence of a controlled substance/alcohol during Defendant's trial.

Petitioner next claims that his trial counsel was under the influence of a controlled substance or alcohol during Petitioner's trial.  He argues the state court erred in denying his claim as facially insufficient.

In the written order denying Petitioner's claim, the state court noted that Petitioner's Rule 3.850 motion stated that he "suspect[ed]" his counsel was under the influence of "some kind" of controlled substance during Petitioner's trial, but Petitioner provided no facts to support his contention (Doc. 17, Ex. I at 7).  Therefore, the state court denied Petitioner's claim on the ground that Petitioner's allegation was conclusory and facially insufficient (*id*.).

Petitioner failed to provide any facts to support his allegation that counsel was under the influence of drugs or alcohol during his representation of Petitioner.  Further, he has failed to identify  any acts or omissions of counsel which constitute deficient performance.  Therefore, Petitioner has failed to demonstrate that the state court decision denying his claim was unreasonable.

For the aforementioned reasons, it is respectfully **RECOMMENDED**:

1.      That the petition for writ of habeas corpus (Doc. 1) be **DENIED**.

2.      That any pending motions be **DENIED** as moot.

3.      That the clerk be directed to close the file.

At Pensacola this 26th day of October 2005.


/s/ *Elizabeth M. Timothy*                              
**ELIZABETH M.  TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**